Jaturun SIRIPONGS, Plaintiff–Appellant,

v.

Gray DAVIS, Governor of California; Arthur Calderon, Warden of California State Prison at San Quentin, Defendants–Appellees.

No. 00–15985.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Filed March 7, 2002.

Amended April 17, 2002.

Amitai Schwartz, Elizabeth Letcher, Law Offices of Amitai Schwartz, Berkeley, CA, for plaintiff-appellant.

Linda Schilling, Latham & Watkins, Costa Mesa, CA, for plaintiff-appellant.

Jessica N. Blonien, California Attorney General, San Francisco, CA, for the defendants-appellees.

Before HUG, D.W. NELSON and HAWKINS, Circuit Judges.

## OPINION

D.W. NELSON, Circuit Judge.

Jaturun Siripongs[1] appeals the district court's denial of his request for attorneys' fees under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d). We affirm.

### I. Factual Background

Siripongs was convicted in 1983 of the murders of Pat Wattanaporn and Quach Nguyen and was sentenced to death. After bringing multiple direct and collateral challenges to his conviction and sentence, Siripongs was scheduled to be executed by the State of California. The date of his execution initially was set as November 17, 1998.

In late October 1998, Siripongs filed a clemency petition with then-California Governor Pete Wilson. Pursuant to the recommendation of the Board of Prison Terms, Governor Wilson denied Siripongs' request for clemency. Shortly thereafter, Siripongs filed in federal district court an action under 42 U.S.C. § 1983. That suit forms the basis for the instant fee dispute.

In his suit, Siripongs claimed that he was denied due process and subjected to cruel and unusual punishment by Governor Wilson's clemency proceedings because (1) he was misled about the type of evidence the Governor would consider in making the clemency decision, and thus did not submit

---

1. Siripongs was executed on February 9, 1999. He nevertheless remains the named plaintiff in this action, as no request for substitution has been made under Fed.R.Civ.P. 25(a)(1). We note the existence of a procedural problem in that no representative of Siripongs has been substituted in to carry forward his claim. Neither party nor the district court raised this issue, and the district court decided the motion for attorneys' fees on its merits. Given our ultimate disposition, we assume without deciding that Siripongs' claim for attorneys' fees survives his death and that the proper parties are before us.

information relevant to the issues that influenced the Governor's decision; and (2) the Governor failed to give due weight to evidence of good behavior and the wishes of the victims' family members. On the basis of these violations, Siripongs made four requests for relief to the district court. First, Siripongs asked for a declaratory judgment that the clemency proceedings violated his rights under the Eighth and Fourteenth Amendments. Second, Siripongs asked for a prenary injunction preventing his execution until the conclusion of a constitutional clemency proceeding. Third, Siripongs requested a temporary restraining order ("TRO") preventing his execution, set for the following day, until a hearing could be had on his claim for a preliminary injunction. Finally, Siripongs requested attorneys' fees.

On the day the complaint was filed, the district court found that Siripongs raised serious questions going to the merits of his claim that he was misled in the clemency process. The district court therefore granted a TRO prohibiting the State from executing Siripongs as scheduled pending a ruling on Siripongs' application for a preliminary injunction. The district court set a preliminary injunction hearing for December 3, 1998. The defendants (various state officials) immediately appealed the TRO and sought a writ of mandamus to dissolve the order, but this court affirmed the TRO and denied the writ. *See Wilson v. United States District Court (Siripongs)*, 161 F.3d 1185 (9th Cir.1998).

At the preliminary injunction hearing on December 3, 1998, the district court reiterated its view that serious questions existed regarding the merits of Siripongs' first claim. However, it denied the preliminary injunction because in its view the balance of hardships no longer tipped sharply in Siripongs' favor. Relying on the State's assertion that Siripongs' execution would be rescheduled for a date not before February, the district court reasoned that Siripongs had ample time to re-apply for clemency (with either Governor Wilson or Governor-elect Gray Davis) without the misunderstanding that had infected the initial clemency process. Because it felt there was no longer a significant concern that Siripongs would be executed without the benefit of a constitutional clemency proceeding, the district court held injunctive relief unnecessary.

On January 4, 1999, Demetrious Boutris, Legal Affairs Secretary to Governor Davis, sent Siripongs a letter inviting him to submit additional material in support of clemency, including "any and all arguments and documentary materials which you wish to present to the Governor." Pursuant to this letter, Siripongs filed a second clemency petition on January 19. Governor Davis denied clemency eighteen days later, and Siripongs was executed on February 9, 1999.

The district court thereafter dismissed Siripongs' § 1983 action but granted counsel an extension of time to file a motion for attorneys' fees. After briefing, the district court entered a judgment denying attorneys' fees. It held that Siripongs was a "prevailing party" under 42 U.S.C. § 1988(b), but was ineligible for fees under the PLRA, 42 U.S.C. § 1997e(d).

II. Discussion

■ Siripongs brought his action while incarcerated, and he seeks fees under § 1988 for the work done in securing the TRO. His recovery of fees is therefore restricted by the PLRA. That act provides that,

[i]n any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a stat-

ute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d)(1). Defendants argue that, because the district court below issued only a TRO and never finally adjudicated the question of whether Siripongs' rights were violated, he cannot be said to have incurred his fees in "proving an *actual* violation of [his] rights," as required by the PLRA. *Id.* (emphasis added).

 We agree. In interpreting the statute we look to general principles of statutory construction and begin with the language of the statute itself. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Because we believe the PLRA's language is clear on its face, "the sole function of the court[ ] is to enforce it according to its terms." *Id.* The critical language appears in section 1997e(d)(1)(A), stating that no fees will be awarded to a prisoner unless the fees were "directly and reasonably incurred in *proving* an *actual* violation of the plaintiff's rights" (emphasis added). The plain meaning of an "actual violation" of plaintiff's rights excludes a violation that has not been proven in fact, but merely has been asserted.

Here the district court issued only a TRO, finding that "serious questions [had] been raised as to" the facts asserted in Siripongs' action and that Siripongs was "reasonably likely to succeed on the merits of his constitutional claim." The court never found, nor did the government ever concede, that Siripongs' rights were violated. Neither does the record below support an independent conclusion by this court to that effect. We therefore cannot say that Siripongs meets the requirements of § 1997e.

For these reasons, we conclude that Siripongs does not qualify for fees under the PLRA. The district court's order is AFFIRMED.